IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| AMERICAN TRANSPORTATION GROUP INSURANCE RISK RETENTION GROUP, INC. | § § § | |
| v. | § § | Civil Action No. __4:22-cv-3__ |
| JEAN CLAUDE BRIZARD; TRUCK FOR GOD CORP.; P.N.L. TRANSPORT, LLC; and ALCIN BENEZER | § § § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, American Transportation Group Insurance Risk Retention Group, Inc. ("Plaintiff" or "ATG"), and files this its Original Complaint for Declaratory Judgment, and asserts the following:

## I.
## PARTIES

1. Plaintiff ATG is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina.

2. Defendant Jean Claude Brizard ("Brizard") is an individual citizen of the State of Florida. Brizard may be served with process by serving him personally at his residence at 6301 N. 10th Ave. Unit 118, Greenacres, Florida 33463.

3. Defendant P.N.L. Transport, LLC ("PNL") is a Florida limited liability company with principal place of business in Florida. Each of its managers and members are individual citizens of the State of Florida. PNL may be served with process by serving its registered agent Joan A. Paez at 4271 NW 191 St., Miami Gardens, Florida 33055.

4. Defendant Alcin Benezer ("Benezer") is an individual resident and citizen of the State of Florida. Benezer may be served with process by serving him personally at 165 County

Road 474, Alice, Texas 78332, or through his attorney of record, or wherever he may be found. Alternatively, he may be served through his counsel of record.

5.      Defendant Truck For God Corp. ("Truck For God") is a Florida corporation with its principal place of business in Florida. Truck For God may be served with process by serving its registered agent Jean Claude Brizard at 6301 N. 10th Ave. Unit 118, Greenacres, Florida 33463.

## II.
## VENUE AND JURISDICTION

6.      There is complete diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage for an underlying lawsuit in which Benezer alleges that he seeks more than $200,000 in damages. As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. §1332.

7.      This insurance coverage lawsuit concerns whether ATG's liability insurance policy affords coverage to certain Defendants who are being sued in an underlying personal injury lawsuit on file in the 83rd District Court of Pecos County, Texas which is within the geographic territory of the Pecos Division of the Western District of Texas. The underlying lawsuit arises out of an accident that occurred within Pecos County, Texas. Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district and division.

## III.
## FACTS

### A. The ATG Insurance Policy

8. ATG issued a $1 Million limit Commercial Auto Liability insurance policy No. ATG-FL-0002188 to Defendant PNL with a policy period of May 17, 2019 to May 17, 2020 (cancelled effective February 12, 2020) ("ATG Policy").  A true and correct copy of the ATG Policy is attached hereto as **Exhibit A.**

9. In PNL's application for the ATG Policy, it represented to ATG that it did not use any "team" drivers and the application informed PNL that any undeclared "team" drivers would not be covered by the ATG Policy. A true and correct copy of PNL's application for insurance as submitted to ATG is attached hereto as **Exhibit B**.

10. The ATG Policy's Motor Carrier Coverage Form contains the following basic insuring and defense agreement:

> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> **A. COVERAGE**
>
> We will pay sums an "insured" legally must pay as damages because of "bodily injury". . . to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> \* \* \* \* \*
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . .  However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury". . . to which this insurance does not apply….

11. The ATG Policy includes various exclusions from coverage, including the following:

> **B. EXCLUSIONS**

This insurance does not apply to any of the following:

\* \* \* \* \*

4.  **Employee Indemnification and Employer's Liability**

    "Bodily injury" to:

    a.  An "employee" of the "insured" arising out of and in the course of:

        (1) Employment by the "insured"; or

        (2) Performing the duties related to the conduct of the "insured's" business; or

    b.  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

    This exclusion applies:

    (1) Whether the "insured" may be liable as an employer or in any other capacity; and

    (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

    But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers compensation benefits or to liability assumed by the "insured" under an "insured contract". For purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5.  **Fellow Employee**

    "Bodily injury" to:

    (a) Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

    (b) The spouse, child, parent, brother, sister of that fellow "employee" as a consequence of Paragraph a. above.

12. The Motor Carrier Coverage Form's Section VI. Definitions include the following definitions:

F   "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \* \* \*

I.   "Leased worker" means a person leased to you by a labour leasing firm under an agreement between you and the labour leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \* \* \*

Q.   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

\* \* \* \* \*

13.   The ATG Policy also contains the following "Team Drivers Endorsement":

**TEAM DRIVERS ENDORSEMENT**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

NAMED INSURED: P N L TRANSPORT LLC

Policy Number: ATG-

FL-0002188-19

Endorsement

Effective Date:

05/16/2019

Policy Period: 05/17/2019 -

05/17/2020 Date Endorsement

Issued: 05/16/2019

In consideration of the reduced premium provided, it is warranted by the Named Insured that no "team drivers" are utilized in the "insured's" operation.

Accordingly, this insurance does not apply to "bodily injury" or "property damage" arising out of and in the course of any "team driver's" employment or while performing duties related to the conduct of the "insured's" business.

"Team drivers" means a team of two or more drivers who ride together and drive the same truck in shifts, essentially allowing the truck to remain in motion almost constantly.

Furthermore, unless the Named Insured has advised ATG Insurance, RRG (herein after referred to as "the Company") in writing prior to utilizing "team drivers" and received written confirmation from the Company of the acceptance of "team drivers", the Company, upon discovery of any "team drivers" in the "insured's" operation, shall have the right to cancel the policy with 30 days-notice to the Named Insured and shall have the right to retain unearned premium, if any.

Should the Company pay sums the "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" and it is subsequently discovered the "accident" involved undeclared "team drivers", the Company reserves the right to seek reimbursement from the Named Insured of all sums paid.

In all other respects this policy remains unchanged.

The Named Insured accepts and understands this endorsement as witness such signatures:

### B.  Accident and Underlying Lawsuit

14.     On October 15, 2021 Benezer filed a personal injury lawsuit against PNL, Brizard and Truck for God, and others, styled *Alcin Benezer v. Blanca Pena-Lozano, Trey Trucks, Ltd., Jean Claude Brizard, P.N.L. Transport, LLC, Truck for God Corp. and Gemenis Twin Transports, LLC,* Cause No. P-8419-83-CV, in the 83rd Judicial District Court of Pecos County, Texas ("the Underlying Lawsuit").  A true and correct copy of Plaintiff's Original Petition as filed in the Underlying Lawsuit is attached hereto as **Exhibit C**.

15.     In the Underlying Lawsuit, Benezer alleges that on November 24, 2019, he was a passenger in a tractor-trailer being driven by Defendant Brizard for and under the federal

DOT authority of Defendant PNL that was travelling southbound on U.S. Highway 285 in Pecos County, Texas when it was struck by another tractor-trailer driven by Blanca Pena-Lozano for and under the federal DOT authority of Trey Trucks, Ltd. ("the Accident").

16. In the Underlying Lawsuit, Benezer alleges that he was a passenger in a tractor-trailer rig being operated by Brizard and that at the time of the Accident Brizard was operating the tractor-trailer rig in the course and scope of his employment with Defendant PNL and as PNL's agent.

17. In the Underlying Lawsuit, Benezer alleges the tractor Brizard was driving, and in which he was riding as a passenger, was owned by Defendant Truck For God at the time of the Accident.

18. In the Underlying Lawsuit, Benezer alleges that the various parties he has sued in the Underlying Lawsuit were negligent in various respects in connection with the accident and that he sustained severe personal injuries in the accident as a result of their alleged negligence.

19. On information and belief, on November 5, 2019, PNL entered into an owner-operator "Lease Agreement" with Brizard's company, Truck for God, with respect to the tractor involved in the Accident and Brizard was operating the tractor trailer at the time of the accident pursuant to such owner-operator lease.

20. On information and belief, at the time of the Accident Defendants Benezer and Brizard were hauling a load of onions in interstate commerce from Texas to Utah on behalf of PNL and were acting as team drivers on the interstate trip.

21. ATG had not previously been informed that PNL sought to use Benezer and Brizard as team drivers and ATG never consented to their use as team drivers.

22. ATG is currently defending Brizard and PNL in the Underlying Lawsuit, subject to reservation of rights letters in which ATG reserves the right to deny coverage to them in the event that the ATG Policy does not afford coverage to them for the claims involved in the Underlying Lawsuit. ATG's reservation of rights letters specifically advised Brizard and PNL that ATG reserved the right to file a declaratory judgment action to have the coverage issues determined by a court.

## IV.
## REQUESTS FOR DECLARATORY JUDGMENT

23. ATG incorporates by reference the preceding paragraphs 1-22 in this Complaint.

24. ATG brings this declaratory judgment action under 22 U.S.C. §2201 seeking court resolution of the disagreements and uncertainties regarding the rights and obligations of the parties under the ATG Policy.

**A.    Count One (Benezer's claims against PNL, Brizard, Truck for God)**

25. ATG asserts and requests a declaratory judgment from this Court that it does not owe any coverage or defense under the ATG Policy to PNL, Brizard, or Truck For God because all coverage and defense is excluded by the Team Drivers Endorsement on the ATG Policy.

**B.    Count Two (Benezer's Claims against PNL)**

26. ATG further asserts and requests a declaratory judgment from this Court that since Benezer and Brizard were serving as a team driver team on the interstate trip from Texas to Utah, and the pleadings in the Underlying Lawsuit allege that the trip was being made on behalf of PNL and pursuant to its federal DOT motor carrier authority, Benezer is deemed by federal law to be an "employee" of PNL at the time of the Accident so that his claims against PNL are excluded from coverage under the ATG Policy by the Employee Indemnification and Employer's Liability Exclusion. *Consumers County Mut. Ins.* Co. *v. P.W. & Sons Trucking, Inc.,*

307 F.3d 362, 366 (5th Cir. 2002); *Perry v. Harco Nat.'l. Ins*. Co., 129 F.3d 1072, 1074-75 (9th Cir. 1997); *Canal Indem. Ins. Co. v. Texcom Transp*., LLC, 2010 WL 2301007 (N. D. Tex., June 4, 2010); *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009). Accordingly, ATG seeks a declaratory judgment that it does not owe any coverage or defense to PNL under the ATG policy.

**C.**     **Count Three (Benezer's Claims Against Brizard)**

27**.**     ATG further asserts and requests a declaratory judgment from this Court that since Benezer was serving as a team driver on the trip from Texas to Utah, and the pleadings in the Underlying Lawsuit allege that the trip was being made on behalf of PNL and pursuant to its federal DOT motor carrier authority and also allege that Brizard was acting as an employee and agent of PNL as the driver at the time of the Accident, both Benezer and Brizard are deemed by federal law to both be fellow "employees" of PNL at the time of the Accident so that Benezer's claims against Brizard are excluded from coverage under the ATG Policy by the Fellow Employee Exclusion. *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009). Accordingly, ATG seeks a declaratory judgment that it does not owe any coverage or defense to Brizard under the ATG policy.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, ATG prays that the Court enter the declaratory judgments of no coverage and no duty to defend in favor of ATG as set out above and declare that ATG owes no duty to defend or duty to afford liability coverage to Defendants for Benezer's claims asserted against them in the Underlying Lawsuit, and for such other and further relief to which ATG may show itself justly entitled.

Respectfully submitted,

*David J. Schubert* (signature)

David J. Schubert—Attorney in Charge
State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas  75202
Telephone:  (214) 744-4400
Facsimile:  (214) 744-4403

**ATTORNEYS FOR PLAINTIFF**